Emmett Ray McCARTHY,
Plaintiff-Appellant,

v.

Dr. F. WEINBERG, M.D.,
Defendant-Appellee.

No. 84–1316.

United States Court of Appeals,
Tenth Circuit.

Jan. 23, 1985.

Emmett Ray McCarthy, pro se.

Robert T. Stephan, Atty. Gen., and Timothy G. Madden, Asst. Atty. Gen., the State of Kansas, Topeka, Kan., for defendant-appellee.

Before BARRETT, SETH and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing, after a jury verdict for defendant, plaintiff's action brought pursuant to 42 U.S.C. § 1983. The dispositive issue in this case is whether the district court abused its discretion in denying plaintiff's motion for the appointment of counsel.

Plaintiff, Emmett Ray McCarthy, is a prisoner at the Kansas State Penitentiary. Mr. McCarthy, age fifty-two, suffers from multiple sclerosis, a degenerative disease of the central nervous system. Plaintiff's action was brought against the director of

the Kansas State Penitentiary, the secretary of the Department of Corrections, and the penitentiary physician. Plaintiff alleged that soon after his entry into the penitentiary, he was admitted to the University of Kansas Medical Center for treatment. Plaintiff was eventually returned to the prison with a diagnosis of multiple sclerosis and a recommendation by the medical center doctors that he be engaged in a regular program of physical therapy. Plaintiff claimed that upon return to the penitentiary defendants deliberately refused to provide him with physical therapy. Plaintiff asserted that defendants' deliberate indifference to his serious medical needs constituted a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

A report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978) was prepared by defendants which revealed that the director of the Kansas State Penitentiary and the secretary of the Department of Corrections had no personal involvement in plaintiff's case. In the absence of any allegation of participation by these defendants, the district court granted summary judgment in their favor and dismissed the action as to them. Plaintiff's claim against the prison doctor, however, survived summary judgment. An affidavit attached to the motion for summary judgment was submitted by plaintiff in which he stated that in addition to a denial of physical therapy, the prison doctor had declined to give plaintiff "Tylenol 3 and multiple vitamins." Plaintiff alleged that although the doctor offered regular Tylenol, this medication was ineffective to alleviate the pain. Plaintiff's case against the prison doctor was set for trial by jury.

Prior to trial, plaintiff twice moved for the appointment of counsel, alleging that he was indigent, unqualified to present the issues, and incapable of conducting a trial. These motions were denied. Plaintiff next moved to have a "prisoner paralegal" assist him at trial on the grounds that plaintiff is confined to a wheelchair, his eyesight is poor and deteriorating rapidly, he suffers from a speech impediment, he has

lapses of memory and is unable to properly communicate his thought patterns. At the same time, plaintiff renewed his motion for the appointment of counsel. The district court denied the motion as untimely, noting that the trial was approximately two weeks away and that this was the first time plaintiff had made such allegations of disability.

In the same order, the district court denied plaintiff's motion to call two incarcerated witnesses because plaintiff had failed to use the proper procedure. The district court observed that plaintiff had not submitted the requisite affidavits showing that the witnesses were willing to testify and summarizing what knowledge each witness had with regard to the events to be presented at trial.

A jury trial, at which plaintiff represented himself, was held on February 23 and 24, 1984. Prior to the commencement of plaintiff's case, plaintiff submitted the following objection in writing to the district court. "I object to these proceedings as I have not been afforded an opportunity to present witnesses on my behalf. I object to the introduction of Dr. Rowe's statement as I was not permitted to cross-examine him properly, and I was not allowed to have assistance in asking him questions. I am hard-of-hearing. I cannot see. I do not speak properly most of the time. For all the above reasons, these entire proceedings is [sic] a farce and a sham, and I maintain a continuing objection to the total proceedings."

At trial plaintiff testified, and, because he was unable to subpoena any of his own witnesses, he called as part of his case one of defendant's witnesses, the current doctor at the Kansas State Penitentiary. Defendant introduced plaintiff's medical records, called several members of the prison staff to testify and had admitted, over the objection of plaintiff, the deposition of a physician at the University of Kansas Medical Center (Vernon Rowe, M.D.) who participated in plaintiff's examination. Plaintiff's treating physician was not called to testify at trial, although plaintiff had

submitted a request to have him subpoenaed. After the close of the evidence, the jury returned a verdict for defendant.

Plaintiff raises three issues on appeal: (1) that the district court abused its discretion in failing to appoint counsel to represent plaintiff; (2) that the district court denied plaintiff due process and abused its discretion in refusing to subpoena plaintiff's requested witnesses; and (3) that the jury was biased because state employees were allowed to serve on the panel. Because the appointment-of-counsel issue is dispositive of this case, the remaining issues need not be addressed.

28 U.S.C. § 1915(d), which pertains to proceedings in forma pauperis, provides that "[T]he court may request an attorney to represent any such person unable to employ counsel . . . ." The appointment of counsel under this statute is a matter within the discretion of the district court. *Kennedy v. Meacham*, 540 F.2d 1057, 1062 (10th Cir.1976); *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973). The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. *United States v. Masters*, 484 F.2d at 1253. This contemplates an examination of the state of the record at the time the request is made. *See Jackson v. Turner*, 442 F.2d 1303 (10th Cir.1971).

The issue of discretionary appointment of counsel has been addressed to varying degrees in other circuits. In *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), the court of appeals observed that "if it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.* at 1153. The Seventh Circuit stated that the question of whether to request counsel to serve "rests in the sound discretion of the district courts unless denial would result in fundamental unfairness, impinging on due process rights." *Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir.1978).

A case thoroughly analyzing the question and virtually identical to the instant fact situation is that of *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981). In *Maclin*, a prisoner brought a civil rights action pursuant to 42 U.S.C. § 1983 against the medical services administrator, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. The plaintiff in *Maclin* requested that counsel be appointed to represent him, but this request was denied.

The plaintiff alleged that he is a paraplegic confined to a wheelchair and that he requested physical therapy and medication to relieve pain and muscle spasms related to his paralysis. The defendant did not comply with his request arguing that therapy had not been prescribed. The defendant did provide a substitute medication which, according to plaintiff, caused serious side effects. The trial judge held that Dr. Freake, the defendant, was not responsible for the plaintiff's treatment and that there was no deliberate indifference to plaintiff's needs. *Id.* at 886.

The court of appeals held that the district court abused its discretion in denying the plaintiff's request for appointment of counsel. *Maclin v. Freake*, 650 F.2d at 889.

The Seventh Circuit exhorted the district courts, when considering appointment of counsel requests, to give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel. The court in *Maclin* first looked to the merits of the litigant's claim. *Id.* at 887. If the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts. *Id.* at 887–88; *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971) (plaintiff, a prisoner, was unable to investigate claim for fraudulent conversion); *Shields v. Jackson*, 570 F.2d 284 (8th Cir.1978) (appointment of counsel would assist in investigation and advance proper administration of justice).

Next, the *Maclin* court considered the type of evidence to be presented to the fact finder. *Id.* at 888. Appointment of counsel is favored if the evidence is to consist of conflicting testimony where it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and cross-examination. *Id.; see Manning v. Lockhart*, 623 F.2d 536 (8th Cir.1980) (appointment of counsel appropriate where allegations are serious and present question of credibility). Concomitantly, the court should consider the capability of the indigent litigant to present the case. *Maclin v. Freake*, 650 F.2d at 888. *See Drone v. Hutto*, 565 F.2d 543 (8th Cir.1977) (district court ordered to reconsider appointing counsel because plaintiff suffered from mental disease and, therefore, could not conduct the case unaided). Finally, the district court should also take into consideration the complexity of the legal issues raised by the complaint. *Maclin v. Freake*, 650 F.2d at 888–89.

Applying these factors to the case before it, the *Maclin* court found that plaintiff was

> in no position to investigate facts germane to his complaint. Confined to a wheelchair and in constant pain, he can hardly be thought capable of conducting an adequate examination of his own medical records, let alone of developing evidence of the medical treatment he ought to have received. Should his case go to trial, we think he will need an attorney to elicit relevant, comprehensible testimony that will elucidate for the factfinder the treatment he received and the adequacy of that treatment.

*Id.* at 889.

In light of the totality of the circumstances, the court of appeals reversed the judgment of the district court and remanded for the appointment of counsel and·for further proceedings.

The case presently before this court mirrors that of *Maclin,* and in some respects, the denial of counsel is more egregious upon consideration of plaintiff's performance at trial. Plaintiff attempted to conduct the trial pro se. He appeared in court in a wheelchair, debilitated by multiple sclerosis, his eyesight failing, his hearing unpredictable, and his ability to communicate impaired. Defendant offered numerous medical records into evidence, none of which plaintiff was able to read. The trial transcript contains numerous instances in which it is apparent that, because of his disabilities, plaintiff did not understand the trial proceedings and the nature and application of the rules of evidence.

It was clear to the district court that plaintiff had asserted a colorable claim. Plaintiff's claim, based on a professional recommendation that he receive physical therapy, survived defendant's motion for summary judgment. Defendant's motions for directed verdict made at the close of plaintiff's case and at the close of all the evidence were both denied, and the case proceeded to the jury.

The factual, medical issues involved are complex, requiring the presentation of expert opinion. Plaintiff's treating physician at the University of Kansas Medical Center was not called despite plaintiff's request to have him there. Evidence regarding the treatment of multiple sclerosis and the reasons for plaintiff's deterioration require development by a legal professional trained in the arts of advocacy and legal reasoning. Plaintiff, mentally and physically disabled by a serious nervous system disorder, could not have had the capacity to investigate and develop the crucial medical testimony. Moreover, where the medical questions are complex in a "deliberate indifference" claim, the legal aspects become more complicated as well.

██ It must be emphasized at this juncture that the district court is vested with considerable discretion in the matter of appointment of counsel under 28 U.S.C. § 1915(d). Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned. Under the totality of the circumstances of this case, the district court's denial of the appointment of

counsel resulted in a trial which was fundamentally unfair.

Accordingly, the judgment of the district court is reversed. The district court is directed to appoint counsel for plaintiff and the matter remanded for a new trial or further proceedings.

The judgment of the United States District Court for the District of Kansas is REVERSED and REMANDED.

The mandate shall issue forthwith.