53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Kirk LEGGETT, Plaintiff-Appellant,
v.
Jeff GEORGE, Correctional Officer; O.C. Jenkins, Warden;
and Kathleen M. Hawk, Director, Federal Bureau of
Prisons, Defendants-Appellees.
 No. 94-1358.
 United States Court of Appeals,
Tenth Circuit.
 May 8, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Michael Leggett, currently incarcerated in the federal prison system, appeals the entry of summary judgment against him in a suit alleging violations of the Eighth Amendment. Mr. Leggett brought his complaint against, inter alia, Mr. Jeff George, an officer at USP Leavenworth, and Mr. Jenkins, the warden of USP Leavenworth. The Defendants filed a motion to dismiss that both raised the defense of qualified immunity and contested the merits of Mr. Leggett's claim. The district court, construing the motion to dismiss as a motion for summary judgment, ruled that the undisputed facts failed to state an Eighth Amendment claim and granted the Defendants summary judgment. On appeal, Mr. Leggett makes three claims of error: he challenges the grant of summary judgment; he asserts that the district court abused its discretion by failing to appoint counsel for Mr. Leggett; and he contends that the district court erroneously denied his discovery requests before granting summary judgment.[2]
 
 
 3
 The undisputed facts are as follows. On February 7, 1993, Officer George was collecting food trays from the inmates assigned to the Special Housing Unit at Leavenworth. Officer George noted seven to ten such trays in Mr. Leggett's cell and ordered Mr. Leggett to slide the trays through the cell's food slot. Mr. Leggett declined to follow this command, and Officer George, resorting to a somewhat more aggressive approach, entered the cell. Mr. Leggett threw a cup of liquid into Officer George's eyes, and a scuffle ensued. Officer George prevailed, and succeeded in pinning Mr. Leggett to the floor. The two combatants inflicted minor injuries upon each other and were treated by the prison's medical staff. Mr. Leggett was cut above his left eye and had bruises on his right knee and about his left eye. Officer George suffered an abrasion under his left eye. The Defendants further concede that Officer George deviated from official procedures by failing to handcuff Mr. Leggett before entering the cell.[3]
 
 
 4
 The parties dispute the particulars of the events leading up to the struggle. Mr. Leggett claims that Officer George, before entering the cell, threatened to "kick his ass."[4] Officer George, in turn, asserts that Mr. Leggett, after hurling the liquid into his eyes, leapt at him. We do not think it necessary to resolve the contested facts. Reviewing the record de novo, we agree with the district court that the undisputed facts do not give rise to an Eighth Amendment claim.
 
 
 5
 In Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992), the Supreme Court held that all claims of excessive force should be judged under a "good faith" standard: "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " Id. at 998 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Important factors to consider in judging the excessiveness of the applied force include the extent of the injury, the need justifying the use of force, the relationship between the degree of force employed and the need that compels the use of force, the "threat 'reasonably perceived by the responsible officials,' " and " 'any efforts made to temper the severity of a forceful response.' " Id. at 999 (quoting Whitley, 475 U.S. at 321).
 
 
 6
 We cannot find Officer George's actions to be excessive under the Hudson test. The injuries incurred by Mr. Leggett, while more than de minimis, were minor. Mr. Leggett initiated the altercation by flinging liquid, which Officer George believed to be urine, into the officer's eyes. It was, at that point, plainly reasonable for Officer George to perceive a threat to his safety. Under these circumstances, we cannot say that it was unnecessary for Officer George to seek to restrain Mr. Leggett, nor can we conclude that Mr. Leggett suffered injuries more severe than would be common in any struggle that left the loser pinned to the floor. There is, in short, no evidence indicative of "malicious" or "sadistic" harm. Mr. Leggett's Eighth Amendment claim must therefore fail. Mr. Leggett's claim against Warden Jenkins, which arose from the alleged failure to train and supervise Officer George properly, falls with the predicate Eighth Amendment claim. See Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1447-48 (10th Cir.1990). Mr. Leggett's claim against Ms. Hawk fails for similar reasons.
 
 
 7
 The appointment of counsel for an indigent civil plaintiff lies within the discretion of the district court; that discretion is not, however, completely unfettered. Where a pro se plaintiff has set forth a colorable claim, our precedents favor the appointment of counsel for plaintiffs burdened with severe mental or physical impediments. See McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir.1985). We note that Mr. Leggett has adduced credible evidence indicating that he suffers from paranoid schizophrenia and organic brain damage. His claim nonetheless lacks merit. The district court therefore did not abuse its discretion in denying him appointed counsel.
 
 
 8
 The district court's refusal to allow Mr. Leggett discovery likewise fails to constitute an abuse of discretion. More extensive protection from initial discovery is an ancillary benefit of qualified immunity.
 
 
 9
 The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant Mr. Leggett's petition to proceed in forma pauperis on appeal
 
 
 [3]
 Officer George was reprimanded and suspended for two days for this rules infraction
 
 
 [4]
 Mr. Leggett also claims that Officer George held a knife or other sharp object as he entered the cell. The Defendants, in support of their motion for summary judgment, submitted the report made by the prison officers who responded to the fight. This report indicates that no sharp object was found at the scene. Mr. Leggett has failed to respond with specific facts which demonstrate that the presence of the knife is a genuine issue for trial. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 503 (10th Cir.1994)