# UNITED STATES COURT OF APPEALS

**Filed 4/22/96**

## TENTH CIRCUIT

---

BIGLER JOBE STOUFFER, II,
Trustee/Custodian for Trusts of: Jennifer
Reese, Suzanne Reese, Debra Reese and
Brent Grisham,

      Plaintiff - Appellant,

  and

JENNIFER REESE, SUZANNE REESE,
DEBRA REESE, BRENT GRISHAM,

      Plaintiffs,

v.

STIFEL, NICOLAUS & COMPANY,
INC., Sued as: Stifel, Nicolaus and
Company, Inc., of St. Louis, Missouri,
Trustee; and Stifel, Nicolaus and
Company, Inc., of Tulsa, Oklahoma,
Trustee,

      Defendant - Appellee,

  and

MARGARET OWEN GRANT and
LINDA LYON,

      Defendant.

Nos. 95-5160 and 95-5173
(D.C. No. 94-C-1144-B)
(N. District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY**, Senior Circuit Judge, and **LUCERO**, Circuit Judge.

---

Plaintiff Bigler Stouffer, a pro se prisoner, sued defendants for conversion of trust funds in violation of the Oklahoma Uniform Transfers to Minors Act, Okla. Stat. tit. 58, § 1201-1225 (1995). The district court dismissed the action without prejudice for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Stouffer's complaint, filed December 15, 1994, named Stouffer and four minors as plaintiffs; it named two offices of Stifel, Nicolaus & Company, Inc., and four individuals, apparently employees of Stifel, as defendants. The sole claim listed in the complaint was conversion of trust funds. Although Mr. Stouffer subsequently asserted violation of securities laws and other unspecified federal laws, he neither amended his complaint nor indicated in any other filing with the court which specific violations of federal law had occurred.

Defendants moved for dismissal based on lack of subject matter jurisdiction. They asserted that plaintiff and at least one defendant were citizens of Oklahoma, and that therefore complete diversity was lacking.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following defendants' Motion to Dismiss, Mr. Stouffer communicated to the court that the Oklahoma Department of Corrections was impeding his efforts to conduct the lawsuit by preventing him from photocopying documents, calling an attorney, or obtaining access to legal resources. In various documents filed with the court, Mr. Stouffer requested, inter alia, that the court deny the motion to dismiss, grant him time extensions, "include and incorporate" in his complaint all state and federal laws relevant to his lawsuit, allow broad discovery, order the Department of Corrections to permit him to photocopy documents and appoint counsel. Nevertheless, the court granted dismissal.

On appeal, Mr. Stouffer contends that, although complete diversity was lacking, it was improper for the court to dismiss the case. He urges this Court to reverse the district court and appoint him counsel. In addition, he challenges the district court's denial of the time extensions that he requested, and his lack of access to legal resources in prison. Finally, he raises the issues of whether he was entitled to sue on behalf of the four other named plaintiffs, and whether his motion to compel production of the trust instrument at issue should have been granted.

Mr. Stouffer purported to bring his suit under diversity jurisdiction. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In this case, the district court found that Mr. Stouffer and at least one defendant were Oklahoma citizens. Therefore, the court correctly found that complete diversity was lacking.

3

In documents that Mr. Stouffer filed with the court after defendants' Motion to Dismiss, he suggested that pendent jurisdiction also existed. Pendent jurisdiction exists when a plaintiff's state claims and at least one federal claim "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Mr. Stouffer alleged a state claim in his complaint. Subsequently, he argued that defendants' action also violated federal law, but he failed to point to any specific violations. In his Reply Brief to this court, he states that he expected to "develop" federal claims through the discovery process. Because Mr. Stouffer failed to state any federal claims, pendent jurisdiction did not exist.

Although he concedes complete diversity was lacking, Mr. Stouffer argues that dismissal was improper. He complains that he did not receive notice that the court intended to dismiss the case, or get an opportunity to amend his complaint to remedy the jurisdictional defect. "[I]t is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction." Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 845 (10th Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1080 (1989). However, in this case, not only was plaintiff served with defendant's Motion to Dismiss, he was also notified by opposing counsel in clear terms that he could cure the jurisdictional defect by dismissing the individual defendants. He chose not to exercise this option. It was not an abuse of discretion for the district court to dismiss the suit

rather than dropping the nondiverse parties.[1]

Appellant also challenges the district court's denial of his request for counsel. "The appointment of counsel under [28 U.S.C.] section 1915(d) is within the sound discretion of the district court." Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel. This contemplates an examination of the state of the record at the time the request is made." McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985) (citation omitted). There was a clear jurisdictional problem in this case; Stouffer was informed how to correct it and failed to do so; accordingly, regardless of the merits of his substantive claims, the court correctly concluded that jurisdiction was lacking. In light of this, we can not say the court abused its discretion in declining to grant the request for appointed counsel.

Mr. Stouffer also complains of the district court's "Denial of Continuances for Appellant to Gain legal advise [sic] or Counsel." The district court explained in its order that, after granting two extensions, it had notified Mr. Stouffer that it would not grant any further extensions, and it felt "that additional extensions of time will not facilitate the disposition of the jurisdictional issues in this case." The denial of another motion for an extension, after granting previous extensions and warning that it would not grant any

---

[1]Mr. Stouffer challenges the district court's suggestion that "this case may present some Rule 11 problems because Mr. Stouffer, proceeding pro se, is seeking to represent other pro se Plaintiffs." R. 18 at 1 n.1. Because this case was correctly dismissed on jurisdictional grounds, that issue is moot.

5

more, was a proper exercise of the court's discretion.

Finally, Mr. Stouffer makes various complaints about prison conditions that prevented him from doing sufficient legal research on his own or attaining the assistance of counsel. The district court declined to address those concerns. We note that 42 U.S.C. § 1983 provides a vehicle for the redress of grievances against state officials for depriving individuals of their rights. However, such claims are not properly a part of this lawsuit.

We AFFIRM the district court's order in all respects.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge