**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 1999**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

JAMES RONALD TIDWELL,

     Plaintiff-Appellant,

v.

BRUCE BURNHAM, Doctor at the
Iron County Correctional Facility,
Individually,

     Defendants-Appellee,

and

SINGLETON and BETH, Nurses at
the Iron County Correctional Facility,
individually; ALAN JULLIAN,
caseworker at the Iron County
Correctional Facility, individually;
JIMMY STEWART, Administrator at
the Iron County Correctional Facility,
individually,

     Defendants.

No. 99-4109
(D.C. No. 98-CV-80-W)
(D. Utah)

### ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Plaintiff-Appellant Mr. James Tidwell, a state prisoner appearing pro se, appeals from the district court's entry of summary judgment in favor of Defendant-Appellee Dr. Bruce Burnham in this civil suit filed pursuant to 42 U.S.C. § 1983. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

BACKGROUND

Mr. Tidwell filed an action seeking damages pursuant to § 1983 in the United States District Court for the District Court of Utah against defendants Dr. Burnham, Nurse Singleton, Nurse Beth, Alan Jullian, Jimmy Stewart, and John Does 1-10. (See Complaint (Doc. #1) at 1.) The complaint describes Burnham, Singleton, Beth, Jullian, and Stewart as employees at the Iron County Correctional Facility and John Does 1-10 as employees of the Utah Department of Corrections. (See Complaint at 1-2.)

Mr. Tidwell alleged that the following conduct on the part of the defendants amounted to cruel and unusual punishment in violation of the Eighth Amendment. Mr. Tidwell contended that he has not received adequate medical treatment at the Iron County Correctional Facility for: (1) two lumps on his testicles which he believes are cancerous; (2) pain in his lungs; (3) bad teeth; and (4) "poison in his system." (See Complaint at 4-5.) Mr. Tidwell also contended

- 2 -

that he was not treated for pneumonia or for bleeding from his nose and ears and that he was charged for a biopsy of a lump on his testicle that was never performed. (See Complaint at 5,7.) Mr. Tidwell further claimed that he was improperly handcuffed behind his back by transportation officer John Doe for approximately three and a half to four hours while he was being transported to the University of Utah Medical Center ("UMC") in Salt Lake City so that he could undergo an examination of the lump in his testicle. (See Complaint at 4-5.) Mr. Tidwell contended that being handcuffed in such a manner was unnecessary and caused him extreme discomfort and pain because he suffered from polio as a child and presently has arthritis. (See id.) In addition, Mr. Tidwell claimed that while he was temporarily housed at the Draper Facility he was forced to stay in a cell that contained blood and human feces and that he was denied his medication while residing there. (See Complaint at 5-6.) Finally, Mr. Tidwell alleged that he received inadequate medical care while residing at the Gunnison Facility where he was undergoing a psychological evaluation. (See Complaint at 6-7.)

The district court dismissed Mr. Tidwell's claims relating to his treatment at the Draper and Gunnison Facilities on the ground that Mr. Tidwell had failed to exhaust his administrative remedies in connection with these claims. (See Doc. # 24.) The district court also dismissed defendants Singleton, Beth, Jullian, and Stewart pursuant to 42 U.S.C. § 1915(e)(2)(B). (See Doc. # 42.) The district

court granted summary judgment for Dr. Burnham on the remaining claims.  (See Doc. # 53.)

On appeal, Mr. Tidwell contends that the district court improperly granted summary judgment for Dr. Burnham and improperly denied Mr. Tidwell's Motion for Appointment of Counsel.[1]  (See Notice of Appeal (Doc. # 55).)  Mr. Tidwell does not appear to contest the district court's order dismissing his claims relating to his treatment at the Draper and Gunnison Facilities or its order dismissing the four named defendants other than Dr. Burnham.  (See id.)

_____

[1]Mr. Tidwell also argues on appeal that his constitutional rights were violated when: (1) Dr. Burnham required Mr. Tidwell to undergo a psychological examination at Gunnison Prison because Dr. Burnham wanted Mr. Tidwell to be institutionalized; (2) Dr. Burnham allegedly refused to prescribe him necessary medication in July 1998 in retaliation for Mr. Tidwell's statement that he would be seen by an "outside" physician; (3) Dr. Burnham and his staff neglected to give Mr. Tidwell medical treatment for three weeks in his cell and "left him to die;" and (4) he was improperly taken out of therapy which resulted in an increase in his prison sentence.  (See Aplt. Br. at 2.)  The record indicates that although Mr. Tidwell discussed some of these allegation in his motions to the district court, the district court did not address these claims.  Although the pleadings of pro se plaintiffs must be construed liberally, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).  Issues 1, 2, and 4, above, do not state a claim under the Eighth Amendment of "deliberate indifference to serious medical needs."  Claims 3 and 4 are conclusory and thus do not state a claim.  In addition, none of these claims appear to have been alleged expressly in either the Complaint or the tendered Motion to Amend the Complaint. Accordingly, we conclude that Mr. Tidwell is not entitled to appellate relief on any of these claims.

DISCUSSION

We review the grant of summary judgment de novo. See Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996). We apply the same standard as the district court to determine whether there is a genuine issue as to any material fact and whether defendant is entitled to judgment as a matter of law. See id. We view the evidence and the inferences that can be drawn therefrom in the light most favorable to plaintiff. See id.

In Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976), the Supreme Court held that an inmate's complaint of inadequate medical care states a cognizable Eighth Amendment claim only if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The Court clarified the meaning of "deliberate indifference" in Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994), holding that the term requires that a prison official subjectively "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

We find that Mr. Tidwell has not shown that there is a genuine issue of material fact as to whether Dr. Burnham acted with deliberate indifference to Mr. Tidwell's medical needs. The record shows that Dr. Burnham examined the

lumps on Mr. Tidwell's testicles and determined that the lumps were spermatoceles, a type of non-cancerous cyst that does not require a biopsy to be diagnosed. Dr. Burnham even arranged to have Mr. Tidwell examined by a urologist at UMC, who agreed with Dr. Burnham's diagnosis. (See Magistrate Report (Doc. # 48) at 3-4.) The record also shows that Dr. Burnham approved Mr. Tidwell's request to be seen by an "outside" doctor for the complaints related to his lungs. X-rays of Mr. Tidwell's chest taken at the Valley View Medical Center in Cedar City, Utah indicated no abnormalities. (See Magistrate Report at 5.) Mr. Tidwell has failed to present evidence of deliberate indifference on the part of Dr. Burnham with respect to his other claims as well. Dr. Burnham appears to have had no control over the manner in which Mr. Tidwell was transported to UMC. Similarly, Mr. Tidwell has not shown that Dr. Burnham knew of and disregarded the other medical conditions of which Mr. Tidwell complains. Finally, Mr. Tidwell acknowledges in his Complaint that Dr. Burnham had the charge for the biopsy removed from Mr. Tidwell's account. (See Complaint at 6.)

Mr. Tidwell suggests in his brief on appeal that the district court granted the motion for summary judgment on the ground that he failed to answer the motion. We find that this contention is without merit. In considering whether to grant the Motion for Summary Judgment, the district court had before it Mr.

- 6 -

Tidwell's Memorandum in Opposition to the Motion for Summary Judgment (Doc. # 49) and his Objections to the Report and Recommendations of the Magistrate Judge (Doc. # 50).

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995). The district court may appoint counsel for an indigent plaintiff if, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding, see McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir.1985), considering the merits of the claims, the nature of the factual issues, the litigant's ability to present the claims, and the complexity of the legal issues, see Rucks, 57 F.3d at 979. We understand that Mr. Tidwell suffers from physical disabilities and believes he cannot adequately present his case without the assistance of an attorney. These facts alone, however, do not lead us to believe that the district court abused its discretion in denying Mr. Tidwell's motion for appointment of counsel. Mr. Tidwell has not made any showing that Burnham acted with deliberate indifference and total disregard for Mr. Tidwell's medical needs in violation of the Eighth Amendment. We therefore find that the proceeding was not fundamentally unfair absent appointment of counsel.[2]

---

[2]We deny Mr. Tidwell's Second Motion for Appointment of Counsel and Motion for Leave to File Attempted Manslaughter Charges filed October 19,

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

[2](...continued)
1999.