FILED
United States Court of Appeals
Tenth Circuit

March 22, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALICE L. HIGGINS,

            Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

            Defendant-Appellee.

No. 10-3234
(D.C. No. 2:08-CV-02646-JWL-GLR)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

        Plaintiff Alice L. Higgins appeals from the district court's judgment in

favor of defendant John E. Potter, Postmaster General of the United States Postal

Service (USPS) on her claims of race discrimination.  We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mrs. Higgins, an African-American, was employed by the USPS as a letter carrier. In September 2007, she was the subject of a postal investigation for mail theft, which resulted in disciplinary action against her on September 13, 2007, on the ground that she had misdelivered mail.

Acting pro se, Mrs. Higgins filed this complaint in December 2008, demanding money damages and injunctive relief on her claim that postal officials had discriminated against her on account of her race in violation of Title VII of the Civil Rights Act of 1964 during the mail theft investigation. The district court granted her motion for appointment of counsel, and counsel filed an amended complaint in March 2009.

Mrs. Higgins's counseled amended complaint asserted that defendant subjected her to racist comments, unwarranted discipline, an accusation of mail theft, and a strip search on account of her race during the mail theft investigation. In lieu of an answer, defendant filed a motion to dismiss for lack of jurisdiction and/or for summary judgment, arguing that Mrs. Higgins's first two claims were unexhausted and the court lacked jurisdiction over them, and that he was entitled to summary judgment on her other two claims. Mrs. Higgins objected to the motion for summary judgment because no discovery had yet been done, and defendant withdrew that part of his combined motion. The district court granted defendant's motion to dismiss to the extent that Mrs. Higgins intended to raise any claims of race discrimination not related to the events of September 13, 2007,

and denied defendant's motion to dismiss with regard to her claim for race discrimination arising from the events on that day. Mrs. Higgins served her first discovery requests to defendant at the end of October 2009.

In early November 2009, shortly after she began discovery in her Title VII case, Mrs. Higgins filed a petition under Chapter 13 of the Bankruptcy Code. She did not list her Title VII lawsuit as an asset (contingent or otherwise) on her bankruptcy schedules. Her bankruptcy plan was confirmed in January 2010.

In April 2010, after Mrs. Higgins's bankruptcy plan was confirmed, defendant served his request for admissions, and Mrs. Higgins admitted that this civil suit was not part of her bankruptcy estate. Her attorney claimed that the omission was inadvertent and then attempted to correct it. In May 2010, Mrs. Higgins amended her bankruptcy schedules to include potential proceeds from a *worker's compensation* lawsuit, when she actually had never filed a worker's compensation lawsuit. On June 16, 2010, she amended her bankruptcy schedules to list the potential recovery from this Title VII lawsuit as personal property and her creditors were informed within a few days.

On June 14, 2010, defendant moved for summary judgment, asking the district court to dismiss Mrs. Higgins's discrimination claim based on the doctrine of judicial estoppel. Mrs. Higgins's attorney was unable to persuade the district court that the omission of her Title VII suit from her bankruptcy schedules was

inadvertent, and the court granted summary judgment to defendant. Mrs. Higgins

appeals, appearing in this court pro se.

We review the grant of summary judgment de novo. *Jones v. Okla. City*

*Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010). Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).[1] Because the district court entered summary judgment in

this case based on judicial estoppel, however, we review that decision for abuse

of discretion. *Bradford v. Wiggins*, 516 F.3d 1189, 1193-94 (10th Cir. 2008).

"A court abuses its discretion only when it makes a clear error of judgment,

exceeds the bounds of permissible choice, or when its decision is arbitrary,

capricious or whimsical, or results in a manifestly unreasonable judgment." *Id.*

at 1194 (internal quotation marks omitted). Because Mrs. Higgins appears in this

court pro se, we construe her pleadings in this court liberally. *Haines v. Kerner*,

404 U.S. 519, 520 (1972) (per curiam).

The district court dismissed this case under the doctrine of judicial

estoppel, relying on our decision in *Eastman v. Union Pacific Railroad Co.*,

---

[1]     Fed. R. Civ. P. 56 was recently amended, effective December 1, 2010. The
summary judgment standard previously enumerated in subsection (c) was moved
to subsection (a), and one word was changed from the previous version—genuine
"issue" became genuine "dispute." Rule 56 advisory committee's note (2010
Amendments). But the "standard for granting summary judgment remains
unchanged." *Id.*

493 F.3d 1151, 1158-59 (10th Cir. 2007). R., Vol. 3, at 269, 273-74. As explained by the Supreme Court, "the doctrine's 'purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Eastman*, 493 F.3d at 1156 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). The district court thoroughly discussed the parties' arguments, determining that judicial estoppel should apply here because: (1) Mrs. Higgins did not list this discrimination case on her bankruptcy schedules, assuming inconsistent positions in bankruptcy court and district court; (2) Mrs. Higgins persuaded the bankruptcy court to confirm her bankruptcy plan based on schedules that omitted the discrimination suit; and (3) Mrs. Higgins's failure to disclose her discrimination case on her bankruptcy schedules put her in a position to reap a recovery from her lawsuit, giving her an unfair advantage over her creditors. R., Vol. 3, at 268-74. The district court also noted that Mrs. Higgins corrected her omission only after defendant filed his motion for summary judgment based on judicial estoppel, without ever presenting any evidence to show that the omission was inadvertent. *Id.* at 269, 273.

Mrs. Higgins argues on appeal that her failure to show the Title VII lawsuit on her bankruptcy schedules was a computer error made by her former counsel—that he incorrectly input a worker's compensation lawsuit instead of the Title VII case and that all parties knew about the Title VII case. She also asks

why her motion for appointment of counsel filed in this court was denied. Defendant argues that Mrs. Higgins's "computer error" argument is raised for the first time on appeal and should be deemed waived, and that the listing of a worker's compensation case on her bankruptcy schedules in May 2010 was itself a belated attempt to cure the omission of her Title VII case from her bankruptcy schedules in November 2009, not a mistake on her original schedules.

We have carefully reviewed the record on appeal in light of the parties' arguments and the governing law. Mrs. Higgins's "computer error" argument was not raised in the district court and is deemed waived. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1270-71 (10th Cir. 2000). The district court correctly applied the law of this circuit and did not abuse its discretion in applying the doctrine of judicial estoppel. We affirm the dismissal of Mrs. Higgins's Title VII case for the reasons stated in the court's well-reasoned Memorandum and Order filed on August 20, 2010. Mrs. Higgins's motion for appointment of counsel was denied because she failed to demonstrate that "there is sufficient merit to [her] claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge