**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

THOMAS HAYNER,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER;
DENVER DISTRICT ATTORNEY'S
OFFICE; DENVER POLICE
DEPARTMENT; DENVER SHERIFF
DEPARTMENT; DENVER
DEPARTMENT OF PUBLIC SAFETY;
DENVER COUNTY COURT; DENVER
DISTRICT COURT; DENVER COUNTY
CLERK AND RECORDER'S OFFICE;
DENVER COUNTY COURT OFFICE OF
THE PRESIDING JUDGE; DENVER
PRETRIAL SERVICES; DENVER
ADULT PROBATION SERVICES;
DENVER MAYOR'S OFFICE; 18TH
JUDICIAL DISTRICT OFFICE OF THE
DISTRICT ATTORNEY, ARAPAHOE
COUNTY COURT; STATE OF
COLORADO; COLORADO ATTORNEY
GENERAL; COLORADO OFFICE OF
THE STATE PUBLIC DEFENDER;
COLORADO BUREAU OF
INVESTIGATIONS; COLORADO
ATTORNEY REGULATION COUNSEL;
COLORADO SUPREME COURT;
COLORADO OFFICE OF THE
GOVERNOR; DENVER HEALTH;
FEDERAL BUREAU OF
INVESTIGATIONS; MITCHELL
MORRISEY; GEORGE BRAUCHLER;
BETH MCCANN; CYNTHIA
COFFMAN; HELEN MORGAN;
BONNIE BENEDETTI; CLINTON

No. 18-1426
(D.C. No. 1:18-CV-00750-LTB)
(D. Colo.)

MCKINZIE; ASHLEY BECK; JUDGE HADA; JUDGE CAMPBELL; JUDGE MARCUCCI; JUDGE RODARTE; JUDGE GERDES; LARRY BAILEY; JOANNA STUART; WADI MUHAISEN; AMANDA BECKER; SIDDHARTHA RATHOD; R. SCOTT REISCH; V. IYER; JOSEPH LAZZARA; STEPHANIE O'MALLEY; NICK MITCHELL; MAYOR HANCOCK; DENVER POLICE (DP) CHIEF WHITE; DP COMMANDER RON THOMAS; DP DETECTIVE GREY; DP DETECTIVE NUNEZ DE OVALLE; DP DETECTIVE STEGMAN; DENVER SHERIFF (DS) PATRICK FIRMAN; DS DEPUTY SIMON CRITTLE; DS DEPUTY BOSWELL; NURSE KELLY SMITH; JASON ROMPORTL; HEATHER BECKER; TEGNA, INC.; 9NEWS; NBC; ANASTASIA KUZMINSKAYA; STEVEN CARTER; GOVERNOR JOHN HICKENLOOPER; FBI AGENT MARK UNKNOWN; FBI AGENT TAKAHARA; DENISE L. HAYNER; THOMAS M. HAYNER; DOUGLAS COUNTY SHERIFF'S DEPARTMENT; DOUGLAS COUNTY SHERIFF SPURLOCK; DOUGLAS COUNTY SHERIFF'S DEPUTY K; DOUGLAS WILSON, and OTHER INVOLVED PARTIES; DENVER COUNTY COURT, Office of the Presiding Judge,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the Plaintiff's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent,

2

_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

_____

In March 2018, Plaintiff Thomas Hayner, a state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the District of Colorado against seventy-three defendants. In his complaint, Plaintiff asserted (1) a state law defamation claim; (2) a claim that various individuals and agencies failed to investigate Plaintiff's "valid complaint" and destroyed evidence between 2014 and 2018; and (3) a claim that various individuals and agencies abused process in a plethora of ways between 2014 and 2018. A magistrate judge ordered Plaintiff to amend his complaint because the complaint did not comply with Federal Rule of Civil Procedure 8 and the complaint combined multiple claims against different defendants that may not be joined in a single action.

In September 2018, after the district court granted Plaintiff multiple extensions, Plaintiff filed an amended complaint. The district court dismissed the amended complaint without prejudice, noting Plaintiff made "little, if any, effort in the amended Prisoner Complaint to correct the pleading problems identified" by the magistrate judge. ROA 103–04. The district court also certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denied *in forma pauperis* status for purposes of appeal.

_____

except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

Plaintiff filed a "Motion to Alter Judgment," alleging his complaint complies with Rule 8; his long, complex complaint is difficult to fit in thirty pages; Plaintiff is not an attorney and his motions for appointment of counsel were denied; he does not have access to adequate resources; he should have another opportunity to amend his complaint; and he did not receive notice of the district court's order. Before the court ruled on this motion, Plaintiff filed a notice of appeal. The district court denied Plaintiff's "Motion to Alter Judgment," and Plaintiff did not file an amended notice of appeal or new notice of appeal.

On appeal, Plaintiff argues the district court abused its discretion by (1) denying Plaintiff's motion for appointment of counsel; (2) not allowing Plaintiff to print and submit an amended complaint longer than thirty pages; (3) not ordering or allowing a second amended complaint; (4) not construing Plaintiff's pro se complaint liberally; and (5) dismissing his amended complaint when it satisfied the pleading requirements of Rule 8. Arguments made in Plaintiff's "Motion to Alter Judgment," however, are not within the scope of this appeal because Plaintiff did not file an amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *see also Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 & n.2 (10th Cir. 1999).

We therefore address Plaintiff's two arguments related to the district court's order of dismissal. As to Plaintiff's contention that the court did not construe his complaint liberally, we remind Plaintiff that the district court cannot "assume the role of advocate for the pro se litigant." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The district court struck the appropriate balance by construing Plaintiff's

4

complaint liberally but stopping short of forming Plaintiff's arguments for him. As to Plaintiff's argument that his complaint satisfied Rule 8, the district court correctly dismissed for lack of compliance with Rule 8 because, as the court noted, "[i]t still is not clear what specific claims for relief [Plaintiff] is asserting, the specific factual allegations that support each asserted claim, against which Defendant or Defendants each claim is being asserted, or what any of the named Defendants did that allegedly violated [Plaintiff's] rights." ROA 104.

Even if Plaintiff's remaining arguments on appeal were within the scope of this appeal, we would affirm for the following reasons. First, the district court appropriately denied Plaintiff's motion for appointment of counsel because Plaintiff did not allege sufficient facts to show his claims have merit. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."). Second, the district court did not abuse its discretion in requiring Plaintiff to adhere to a strict page limit in this case, especially when Plaintiff offers no explanation of what evidence he would have put forth in the absence of such a limitation. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1111–12 (10th Cir. 2007). Third, the district court is under no obligation to sua sponte order a second amended complaint. *See* Fed. R. Civ. P. 15(a).

The district court's order is AFFIRMED. Plaintiff's motion to proceed *in forma pauperis* is DENIED, and Plaintiff is reminded of his obligation to pay the filing fee in full.

Entered for the Court


Bobby R. Baldock
Circuit Judge