**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALPHEOUS L. GORDON, a/k/a Orville
Owen,

      Plaintiff - Appellant,

v.

USP FLORENCE, ADX MAX;
REGIONAL COUNSELS STAFF;
WARDEN D. BERKEBILE; AW
JOHNSON, AW MS. HALL; COMPLEX
CAPTAIN W. PLILER; S.I.A. RUTH
KRIST; S.I.S. MARTY BIER; UNIT
MANAGER D. SPROUL;
T. GOMEZ; CASE MANAGER K.
FLUCK; COUNSELOR W. HAYGOOD;
COUNSELOR S. HANSEN; REGIONAL
COUNSEL DAVIS; PAUL LAIRD,

      Defendants - Appellees.

No. 14-1197
(D.C. No. 1:13-CV-03506-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

    [*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

The district court dismissed Alpheous Gordon's action for failure to file an amended complaint that complied with Fed. R. Civ. P. 8. Magistrate Judge Boyd Boland had previously ordered Gordon to submit his claims on a court-approved form following Gordon's initial filing of a *pro se* complaint. After several extensions of time, Gordon finally complied with Judge Boland's request. On March 5, 2014, Judge Boland reviewed Gordon's Complaint and ordered him to amend the complaint to comply with Fed. R. Civ. P. 8. On March 27, 2014, Gordon filed his Amended Complaint. The district court dismissed Gordon's Amended Complaint, finding that, like Gordon's initial Complaint, the Amended Complaint was unintelligible and not organized in a manner that allowed the court to determine the facts supporting each claim. It also denied Gordon's motion to proceed on appeal *in forma pauperis* ("IFP"), concluding that any appeal taken would not be in good faith. Gordon appeals from this ruling and from the district court's refusal to appoint him counsel.

Dismissal of Gordon's Amended Complaint

We review under an abuse of discretion standard the district court's dismissal of Gordon's complaint and its refusal to appoint Gordon counsel. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Toevs v. Reid,* 685 F.3d 903, 916 (10th Cir. 2012). Because Gordon is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we cannot "take on the responsibility of serving as [Gordon's] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We will reverse a district court's failure to appoint counsel

-2-

only in the "extreme case[] where the lack of counsel results in fundamental unfairness…" *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Gordon bears the burden of convincing us that there is sufficient merit to his claim to warrant the appointment of counsel. *Id*. In considering whether the appointment of counsel would be appropriate, we consider numerous factors, including "the merits of [Gordon's] claims, the nature and complexity of the factual and legal issues, and [Gordon's] ability to investigate the facts and present his claims." *Toevs,* 685 F.3d at 916 (quoting *Hill,* 393 F.3d at 1115) (internal quotation marks omitted).

Gordon's claim appears to assert that various parties have denied him constitutional rights, including those under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Gordon also alleges multiple conspiracies against him by various people. Despite our best efforts, we cannot tell from Gordon's filing which of his allegations support which of his claims; nor can we tell which factual bases underlie each allegation. Because of these pleading deficiencies, we certainly cannot say that the district court abused its discretion by dismissing Gordon's complaint and by failing to appoint Gordon counsel.

Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. § 1915, a United States court may grant pauper status to "allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." *Coppedge v. United States*, 369 U.S. 438, 441 (1962). Here, under 28 U.S.C. § 1915(a)(3), the district court certified its view that any appeal would not be taken in good

faith and denied Gordon's motion to proceed *in forma pauperis* on appeal. In light of that action, we will only grant pauper status if we conclude that the appeal contains a non-frivolous argument. *See Rolland v. Primesource Staffing*, *L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Gordon's filing in this court contains almost exactly the same arguments that were a part of his district court filing. Like the district court, Gordon's failure to provide a clear and concise statement of the claims he is asserting leads us to determine that this appeal is not taken in good faith and that Gordon has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. We remind him that he must pay the filing and docket fees in full to the clerk of the district court. Appellant's motion for appointment of counsel is denied.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge