**EFiled: Oct 31 2014 03:26PM EDT**
**Transaction ID 56275298**
**Case No. 9750-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 31, 2014

**Via File & Serve*Xpress*
and First Class Mail**

Mr. Gerard E. Szubielski
SBI #285119
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE  19977

Daniel A. Griffith, Esquire
Scott G. Wilcox, Esquire
Whiteford Taylor Preston LLC
405 North King Street, Suite 500
Wilmington, DE  19801

Re:    *Szubielski v. Correct Care Solutions, LLC*
       C.A. No. 9750-VCN
       Date Submitted:  July 25, 2014

Dear Mr. Szubielski and Counsel:

Plaintiff, a prisoner at a state facility, filed this action to ask the Court to order Defendant to treat him with weekly physical therapy and stronger pain medication for his severe neck pain and headaches.[1]  Defendant has moved to dismiss Plaintiff's complaint.

---

[1] Letter from Gerard E. Szubielski 2, June 30, 2014 (clarifying his complaint).  The Court generally refers to efiling dates.  Due to Plaintiff's status as a self-represented litigant, the Court will view his June 30 letter as an amendment to his complaint.

\* \* \* \* \*

Plaintiff Gerard E. Szubielski is an inmate at James T. Vaughn Correctional Center ("JTVCC"), serving a life sentence pursuant to 11 *Del. C.* § 4214(b).[2] He is representing himself in this action. Defendant Correct Care Solutions, LLC ("CCS") is a company that provided correctional health care services to the State of Delaware under contract from at least July 1, 2010 to June 30, 2014.[3]

Szubielski sustained head and neck injuries in a 2006 car accident, after which he was treated at Christiana Hospital and incarcerated.[4] He has suffered from headaches and neck pain since the accident, but the pain became severe in 2012.[5] Over the last two years, he has seen facility nurses over twenty times, and Dr. Louise Desrosiers over six times, for his pain.[6] He has been prescribed Tylenol and Excedrin for at least twenty months and a mild muscle relaxer on two occasions. On February 26, 2014, Szubielski saw a neurologist in private practice, who prescribed physical therapy and an exercise program after suggesting that

---

[2] *Szubielski v. State of Delaware*, 82 A.3d 730, 2013 WL 6211807, at \*1 (Del. Nov. 26, 2013) (TABLE).

[3] Def. Correct Care Solutions, LLC's Mem. in Supp. of its Mot. to Dismiss ("Def.'s Mem.") 3.

[4] Pl.'s Mot. for TRO ("Compl.") 2. Szubielski's Motion for Temporary Restraining Order serves as his complaint.

[5] Compl. 2-3.

[6] Compl. 3.

Szubielski might be suffering from bone spurs.[7] The neurologist did not conduct an MRI or any other tests when making this diagnosis.

Szubielski has seen a physical therapist periodically since February.[8] The physical therapist explained that he has multiple bulging discs and discs "out of place."[9] The physical therapist further stated that he needs "a weight physical therapy treatment . . . but this prison does not offer [it]," and that "she needs to see [him] and treat [him] at least once a week" but cannot do so because of understaffing.[10] Szubielski continues to experience severe pain. He buys large quantities of acetaminophen and aspirin from the inmate commissary to supplement his prescribed Tylenol and Excedrin.[11]

---

[7] Compl. 3. Szubielski refers to the neurologist's "written recommendation," but CCS describes the recommendation as a prescription. *See, e.g.*, Def.'s Mem. 4.

[8] Compl. 3. Szubielski alleges that he has seen a physical therapist, identified as "Mary," five times from February to late June 2014. Letter from Gerard E. Szubielski 1, June 30, 2014.

[9] Compl. 4.

[10] Letter from Gerard E. Szubielski 1-2, June 30, 2014.

[11] Compl. 4.

* * * * *

Szubielski filed a motion for a temporary restraining order on June 9, 2014, asking the Court to order CCS to "properly treat" him.[12] The Court denied the motion after a hearing on June 16. On June 27, Szubielski filed a motion to appoint counsel. After receiving a letter from the Court seeking clarification of his complaint,[13] Szubielski replied that he is asking for weekly physical therapy and stronger pain medication as "a start."[14] He filed a motion for a preliminary injunction for the same on July 1. He also filed a motion for discovery to obtain his prison medical file from May 2006 to July 2014. He contends that the file will allow him to prove that CCS is not providing adequate treatment.[15] CCS moved to dismiss, in lieu of filing an answer, on July 9, arguing that Szubielski failed (1) to satisfy the requirements for a preliminary injunction on an Eighth Amendment theory,[16] (2) to show that Defendant's services were inappropriate or

---

[12] Compl. 5. It appears that Szubielski has exhausted the grievance process, and CCS does not argue otherwise.

[13] Letter from the Court, June 24, 2014.

[14] Letter from Gerard E. Szubielski 2, June 30, 2014.

[15] Pl.'s Mot. for Disc.

[16] Def.'s Mem. 7-11.

unreasonable,[17] (3) to establish that he suffers from a serious injury,[18] and (4) to allege that CCS is liable due to a policy or custom of deliberate indifference.[19] In a later brief, CCS takes issue with Szubielski's non-compliance with statutory requirements for medical negligence claims.[20]

\* \* \* \* \*

A. *CCS's Motion to Dismiss Szubielski's Eighth Amendment Claims*

On a motion to dismiss, a court "should accept all well-pleaded factual allegations in the complaint as true, . . . draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[21] Complaints drafted by self-represented litigants "may be held to a somewhat less stringent

---

[17] *Id.* at 9.
[18] *Id.* at 9-10.
[19] *Id.* at 10.
[20] Def. Correct Care Solutions, LLC's Reply Br. in Supp. of its Mot. to Dismiss ("Def.'s Reply") 2-3. As noted *infra* note 24, the Court need not address the issue.
[21] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).

technical standard than formal pleadings drafted by lawyers."[22]  Nonetheless, a complaint must "allege sufficient facts to state a plausible claim for relief."[23]

In his complaint, Szubielski invokes the Eighth Amendment.[24]  The Eighth Amendment's protection against cruel and unusual punishment requires the government "to provide medical care for those whom it is punishing by incarceration."[25]  More specifically, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[26]  To succeed on an Eighth Amendment claim, a plaintiff bears the burden of proving a serious medical need as well as the defendant's deliberate indifference in response.[27]  Deliberate indifference requires subjective culpability: "the [actor] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

---

[22] *Vick v. Haller*, 522 A.2d 865, 1987 WL 36716, at *1 (Del. Mar. 2, 1987) (TABLE).

[23] *Walker v. City of Wilmington*, 2014 WL 4407977, at *9 (Del. Ch. Sept. 5, 2014).

[24] Compl. 5.  Construed liberally, the complaint alleges Eighth Amendment violations and medical negligence and malpractice.  CCS explains that if Szubielski intended to file medical negligence claims, those claims must fail for non-compliance with 18 *Del. C.* § 6853.  Def.'s Reply 2-3.  Regardless, the Court dismisses the negligence and malpractice claims, without prejudice, because jurisdiction is not appropriate.

[25] *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

[26] *Id.* at 104 (citation and internal quotation marks omitted).

[27] *See, e.g.*, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

also draw the inference."[28]  Allegations of negligence or challenges of a physician's professional judgment do not state a claim.[29]

At the outset, a plaintiff asserting an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 must establish that a person acting under color of state law violated his rights.[30]  The only defendant here is CCS, a non-governmental entity. Courts have found that "when the state contracts out its medical care of inmates, the obligations of the [E]ighth [A]mendment attach to the persons with whom the state contracts."[31]  CCS has not challenged its status as a state actor and, thus, waives the argument.[32]

---

[28] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[29] *See, e.g.*, *Estelle*, 429 U.S. at 105-07; *Blackston v. Corr. Med. Servs., Inc.*, 499 F. Supp. 2d 601, 605 (D. Del. 2007).

[30] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).

[31] *Howell v. Evans*, 922 F.2d 712, 723-24 (11th Cir. 1991) (analyzing the possibility of liability for "a private corporation contracting with the state" to provide medical services at the relevant correctional facility), *vacated pursuant to settlement*, 931 F.2d 711 (11th Cir. 1991), and *reinstated sub nom. Howell v. Burden*, 12 F.3d 190 (11th Cir. 1994).  The *Howell* court cites *West v. Atkins*, in which the United States Supreme Court found that "a physician employed by North Carolina to provide medical services to state prison inmates[] acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury."  487 U.S. 42, 54 (1988).

[32] In *Natale*, the Third Circuit Court of Appeals noted that the defendant (a private provider of health care services to the county prison) did not challenge its status as a state actor and proceeded to analyze the Eighth Amendment claim.  318 F.3d at 581 & n.4.

The next issue is whether Szubielski alleges a serious medical need. CCS argues that Szubielski's claims fail in the absence of expert testimony because "[a] lay person cannot appreciate what Plaintiff is claiming and cannot determine if he suffers from a bone spur or a bulging disc."[33] Courts have held that to show a serious medical need, a plaintiff must "demonstrat[e] that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[34] While some courts have deemed a medical need serious when "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention,"[35] the Third Circuit Court of Appeals requires expert testimony "when the seriousness of the injury or illness would not be apparent to a lay person."[36] It is not clear that the Third Circuit Court of Appeals' requirement for expert testimony is dispositive at this stage. Szubielski's well-pleaded complaint alleges that a neurologist has prescribed a course of

---

[33] Def.'s Mem. 9.

[34] *See, e.g.*, *Jett*, 439 F.3d at 1096 (internal quotation marks omitted).

[35] *See e.g.*, *Gaudreault v. Municipality of Salem, Massachusetts*, 923 F.2d 203, 208 (1st Cir. 1990).

[36] *See Heath v. Shannon*, 442 Fed. Appx. 712, 716 (3d Cir. Aug. 25, 2011) (noting the Third Circuit's requirement of expert testimony).

treatment for his condition—whether bone spurs or bulging discs. It is at least reasonably conceivable that Szubielski has serious medical needs.[37]

The remaining question, therefore, is whether the complaint states a claim that CCS exhibited deliberate indifference to those needs. Read liberally, Szubielski's complaint alleges that CCS has failed to provide (1) a physical therapy program as prescribed by the neurologist (and as suggested by his physical therapist) and (2) proper pain medication despite his numerous appeals to CCS staff. In *Farmer v. Brennan*, the United States Supreme Court adopted "subjective recklessness as used in the criminal law . . . as the test for 'deliberate indifference' under the Eighth Amendment."[38] Deliberate indifference encompasses "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[39]

---

[37] Under these circumstances, Szubielski is capable of describing the pain that he regularly suffers.

[38] 511 U.S. at 839-40.

[39] *Estelle*, 429 U.S. at 104-05 (footnote omitted). Delay of "necessary" treatment "for non-medical reasons" may violate the Eighth Amendment. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985).

One who brings a § 1983 claim against a private contractor also must address causation; *respondeat superior*[40] does not suffice for liability.[41] A plaintiff establishes causation by showing that the private entity had a policy or custom that caused the violation.[42] Liability for policies and customs can be found when the entity (i) "promulgate[d] a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy"; (ii) committed an act that violates federal law; or (iii) failed to act when the need was "so obvious, and the inadequacy of existing practice so likely to result in the

---

[40] While Szubielski formally makes claims only against CCS, his complaint, read liberally, asserts that CCS is liable for its various employees' failure to treat him.

[41] *See, e.g.*, *Natale*, 318 F.3d at 583 (analyzing a claim against a private company that contracted with the state to provide health services to prisoners); *Howell*, 922 F.2d at 724 (same); *cf. Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986) (discussing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), and § 1983's causation requirement in the context of municipal liability). At least one court has questioned whether the *Monell* doctrine applies in the same way to private contractors as it does to municipalities, but the parties have not raised that issue. *See Williams v. Guard Bryant Fields*, 535 Fed. Appx. 205, 211 n.6 (3d Cir. Aug. 23, 2013) ("Although Williams raises in a footnote the argument that *Monell*'s limitations may not apply to a private contractor, he failed to raise this issue below and therefore has waived the issue.").

[42] *See, e.g.*, *Natale*, 318 F.3d at 583-84 (invoking *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-04 (1997)). A policy is "a final proclamation, policy or edict" issued by one with final policymaking authority, and "[a] custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law." *Id.* at 584 (internal quotation marks omitted).

violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need."[43]

At this stage, Szubielski must make allegations demonstrating that it is reasonably conceivable that he will be able to prove that CCS deliberately denied or delayed his treatment. He is not yet responsible for providing evidence or proof.[44] As a preliminary matter, the Court notes that Szubielski's allegations are of two types. The first, allegations regarding inadequate pain medication, fails to state more than a disagreement about appropriate treatment. Although Szubielski suggests that the prescription of Excedrin, Tylenol, and a muscle relaxer cannot alleviate his pain, second-guessing medical judgment is neither the province of this Court nor part of the Eighth Amendment analysis.[45] The second type, allegations

---

[43] *See id.* (internal quotation marks omitted).

[44] CCS faults Szubielski for failing to "contradict the medical treatment he has received or to show that other treatment is required"; to provide "proof that the treatment he has been given amounts to deliberate indifference"; and to "present any evidence that CCS maintains a policy or custom that has led to the claimed deprivation of constitutional rights." Def.'s Mem. 9-10.

[45] The medicines were prescribed by medical professionals, and the neurologist has not prescribed anything stronger. These medication-related Eighth Amendment claims are dismissed with prejudice because no amendment could fix their deficiency.

regarding a prescription of physical therapy with which CCS has not complied, raises the possibility of an Eighth Amendment violation.[46]

As mentioned above, Szubielski must allege that a CCS policy or custom caused the violation in order to survive the motion to dismiss. Read liberally, Szubielski's complaint alleges that CCS is knowingly denying or delaying the physical therapy the neurologist prescribed. The complaint asserts that CCS knows (and has known) about the neurologist's prescription, Szubielski's pain, and his sporadic treatment, presumably through the grievance process or through the physical therapist who is CCS's employee. In the letter clarifying his claims, Szubielski recalls the physical therapist's statements that JTVCC does not offer weight physical therapy and that weekly treatment is not possible because the facility is understaffed. The fact that CCS has offered some physical therapy permits an inference that CCS is responsible for providing physical therapy at JTVCC. It follows that the well-pleaded complaint can be read, for example, to

---

[46] While CCS states that the neurologist did not order weight physical therapy, Def.'s Mem. 9, the Court lacks evidence of the frequency and type of physical therapy actually prescribed. However, Szubielski claims that he has seen the physical therapist five times over the period from February 2014 to late June 2014. It is reasonably conceivable that physical therapy roughly once a month does not satisfy what the neurologist did prescribe.

allege a custom of not hiring enough physical therapists to comply with medical prescriptions, which could constitute deliberate indifference.[47]  At this early stage and in light of Szubielski's self-represented status, the Court cannot foreclose the reasonably conceivable possibility that a policy or custom of CCS caused a violation of Szubielski's Eighth Amendment rights.  Thus, CCS's motion to dismiss is denied with respect to that portion of the complaint alleging Eighth Amendment violations regarding physical therapy.

B.  *Szubielski's Motion for a Preliminary Injunction*

In order for a moving party to succeed on a motion for a preliminary injunction, it must demonstrate "(1) that it has a reasonable probability of success on the merits, (2) that irreparable harm will occur without the court's intervention, and (3) that the harm the moving party will suffer if his motion is denied outweighs the harm the nonmoving party will suffer if relief is granted."[48]  The moving party bears a heavy burden to convince the Court to grant preliminary relief without the

---

[47] *Cf. Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985) ("Several officers testified that understaffing was a persistent problem and that complaints had been lodged with their supervisors . . . .  Certainly this is sufficient to show a custom or policy of understaffing.").  Again, the Court does not suggest that CCS must provide a specific type or regimen of physical therapy.  It is merely assessing the complaint within the motion to dismiss framework.

[48] *Cardone v. State Dep't of Corrs.*, 2008 WL 2447440, at *7 (Del. Ch. June 4, 2008).

benefit of a full record.[49]  When asking for mandatory injunctive relief, moreover, the moving party must "clearly establish the legal right he seeks to protect or the duty he seeks to enforce, a standard requiring more than a reasonable probability of success on the merits."[50]

Szubielski's motion for a preliminary injunction asks for weekly physical therapy and stronger pain medication, complains that he is not receiving that care, and emphasizes his pain.  The first prong of the test for a preliminary injunction requires the moving party to show a reasonable probability of success on the merits.  While Szubielski's liberally construed complaint survives the plaintiff-friendly motion to dismiss test, the record is too sparse for the Court to determine whether Szubielski has a reasonable probability of success on the merits.  As Szubielski has not met this threshold—much less the showing required for mandatory injunctive relief, the Court need not consider whether Szubielski has shown irreparable harm and a balance of the harms weighing in his favor.  Thus, Szubielski's motion for a preliminary injunction is denied.

---

[49] *Id*. at \*7 n.49.

[50] *Id*. at \*7 (footnote and internal quotation marks omitted).

C. *Szubielski's Motion for Appointment of Counsel*

Szubielski filed a motion to appoint counsel on June 27, 2014. Courts have held that an indigent civil litigant in a § 1983 suit is not entitled to counsel "unless the case presents exceptional circumstances," determined by considering a number of factors such as the litigant's ability to present and investigate the case.[51] One court, for example, found special circumstances where the self-represented litigant "was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication."[52]

Szubielski's motion to appoint counsel does not contain any explanation of his reasons for the motion or exceptional circumstances that require this Court to appoint counsel. A question from an earlier letter to the Court suggests his motivation:

> After our hearing today I was left with some serious concerns & questions. The most important being, how am I, a prisoner with little knowledge of the law supposed to represent myself in the court of law against Correct Care Solutions [sic] high powered attorney's [sic]? Is there any possible way the state could appoint me an attorney?[53]

---

[51] *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

[52] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (discussing *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985)).

[53] Letter from Gerard E. Szubielski 1, June 18, 2014.

Szubielski has not alleged reasons to appoint counsel beyond the fact that assistance would be helpful. Thus, his motion to appoint counsel is denied.

D. *Szubielski's Motion for Discovery*

Szubielski's motion for discovery asks for "all discovery including a full copy of his prison medical file from May 2006 to July 2014" for the purpose of proving his receipt of "less th[a]n adequate medical treatment."[54] CCS's briefs do not indicate whether it opposes the motion for discovery. Thus, the Court will not decide the motion at this time.

\* \* \* \* \*

For the reasons above, Defendant's motion to dismiss is denied with respect to Szubielski's Eighth Amendment claims regarding physical therapy and granted with respect to his other claims.[55] Plaintiff's motion for a preliminary injunction and motion to appoint counsel are denied. The Court will not decide the motion for discovery until further briefing.

---

[54] Pl.'s Mot. for Disc.

[55] This dismissal includes Szubielski's medical negligence and malpractice claims, dismissed without prejudice, and his Eighth Amendment medication claims, dismissed with prejudice.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Register in Chancery-K