FILED
United States Court of Appeals
Tenth Circuit

August 31, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MENDY READ-FORBES,

    Defendant - Appellant.

No. 15-3105
(D.C. No. 2:12-CR-20099-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.
_____

Mendy Read-Forbes pleaded guilty to one count of conspiracy to commit

money laundering. In her plea agreement, Ms. Read-Forbes waived her right to

appeal her conviction and her sentence, if it did not exceed the advisory guideline

range. The district court sentenced her to 240 months in prison, which was the high

end of the guideline range of 210 to 240 months. Despite the appeal waiver in her

plea agreement, Ms. Read-Forbes filed a pro se notice of appeal. The government

has moved to enforce the appeal waiver in the plea agreement pursuant to *United*

_____

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We appointed counsel to represent Ms. Read-Forbes in this matter.

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Ms. Read-Forbes concedes that her appeal is within the scope of her appeal waiver, and she does not challenge the knowing and voluntary nature of the waiver in this proceeding. *See* Resp. at 8. She contends, however, that enforcing the waiver would result in a miscarriage of justice.

To determine whether enforcing the appeal waiver would result in a miscarriage of justice, we consider whether: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). In order to satisfy the fourth factor, "the error must seriously affect the fairness, integrity or public reputation of the judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Ms. Read-Forbes first asserts that the waiver should not be enforced because her former counsel was constitutionally ineffective in negotiating the waiver. But we have explained that "a defendant must generally raise claims of ineffective assistance

2

of counsel in a collateral proceeding, not on direct review." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). And we noted that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Id*.

Ms. Read-Forbes argues, however, that her case falls within the narrow exception to the general rule and that her claim for ineffective assistance of counsel should therefore be heard on direct appeal. We disagree. Although Ms. Read-Forbes contends that "the existing record shows that [her] 240-month sentence resulted directly from mistakes her lawyer made in the plea negotiations," Resp. at 9, she did not assert her claim for ineffective assistance of counsel in the district court. As a result, "the district court did not hold a hearing, hear testimony, or weigh the ineffective assistance question before the case arrived to us on direct appeal." *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011). Under these circumstances, "the district court never had an opportunity to consider [the claim], much less develop a record on the issue." *Id*. The record before us is therefore insufficient to enable meaningful review of Ms. Read-Forbes' claim for ineffective assistance of counsel. *See id*.; *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (noting ineffective assistance claims may be heard on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists").

Ms. Read-Forbes next argues that her plea agreement is unlawful and would result in a miscarriage of justice if it is enforced. She contends that her plea

agreement is an illusory contract that did not involve mutual consideration because she received no benefit from her bargain. We cannot agree with this characterization.

In the plea agreement, the government agreed to dismiss the remaining counts in the Superseding Indictment, the Indictment, and other charges in a separate case, 13-20041-KHV. The government also agreed not to file any additional charges arising out of the facts forming the basis of the present indictments, and to recommend a sentence at the low end of the applicable guideline range.

Ms. Read-Forbes now argues that the dismissal of the other charges "was largely a matter of administrative convenience, since her maximum sentencing exposure likely was unaffected by the dismissal." Resp. at 14. But at her change-of-plea hearing, she recognized that dismissal of the other charges was a benefit in her plea agreement, noting that a disadvantage to proceeding to trial would be that "all [her] charges would come back in." Mot. to Enforce, Att. A at 17. She also agreed with the magistrate judge that one of the advantages of the plea agreement was the possibility that the district court judge might accept the government's recommendation and impose a sentence of 210 months. *Id.* at 16-17.

Although the district court rejected the government's recommendation and sentenced Ms. Read-Forbes to the statutory maximum of 240 months in prison, that does not make her plea agreement an illusory contract. The government followed through on its end of the bargain in making a recommendation for a sentence of 210 months, and Ms. Read-Forbes knew that the district court was free to reject that

4

recommendation because the plea agreement was not binding on the court. The government also dismissed the other pending charges.

Ms. Read-Forbes acknowledged at her change-of-plea hearing that two advantages to pleading guilty would be the government's recommendation to the district court that she be sentenced at the low end of the guideline range and the government's dismissal of the other charges against her. As a result, there was mutual consideration in the plea agreement, and it is not otherwise unlawful.

Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Ms. Read-Forbes' ability to file a 28 U.S.C. § 2255 motion asserting a claim for ineffective assistance of counsel in connection with her appeal waiver.

Entered for the Court
Per Curiam
