**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MENDY READ-FORBES,

    Defendant - Appellant.

No. 15-3260
(D.C. No. 2:12-CR-20099-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MORITZ**, Circuit Judges.
_____

Mendy Read-Forbes, a federal prisoner proceeding pro se, appeals the district court's denial of her motion for immediate release from custody pending the district court's decision on the merits of her 28 U.S.C. § 2255 motion.[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In amended notices of appeal, Ms. Read-Forbes mentioned the district court's order denying her motion to appoint counsel and for the trial judge to recuse herself. Ms. Read-Forbes's brief on appeal, however, is confined to arguments concerning

(continued)

Ms. Read-Forbes pled guilty in March 2015, to conspiracy to commit money laundering. The following month she was sentenced to 240 months' imprisonment, and shortly thereafter, she filed a pro se notice of appeal. This court granted the government's motion to enforce the appeal waiver contained in Ms. Read-Forbes's plea agreement and dismissed her appeal. *See United States v. Read-Forbes*, No. 15-3105, 2015 WL 5090972, at *2 (10th Cir. Aug. 31, 2015).

Ms. Read-Forbes has recently filed a 28 U.S.C. § 2255 to vacate or set aside her sentence in the district court in which she argues, among other things, that her trial counsel was ineffective in negotiating the plea agreement and the government committed prosecutorial misconduct. She also filed a motion for immediate release pending the outcome of her § 2255 motion. The district court denied the motion for immediate release.

In order to obtain release pending a determination on the merits of a motion for habeas relief, the inmate must make a showing of exceptional circumstances or demonstrate a clear case on the merits of her habeas petition. *See Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). Ms. Read-Forbes has done neither.

---

why the district court erred in denying her motion for immediate release. More particularly, she never makes any arguments as to when a court is required to appoint counsel or when recusal is required.

2

The order of the district court denying Ms. Read-Forbes's motion for immediate release is affirmed. We grant Ms. Read-Forbes's motion to proceed *in forma pauperis* on appeal.

Entered for the Court
Per Curiam