FILED
United States Court of Appeals
Tenth Circuit

June 2, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MENDY READ-FORBES,

    Defendant - Appellant.

No. 25-3021
(D.C. No. 2:12-CR-20099-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Mendy Read-Forbes, an inmate proceeding pro se, asserts two issues on appeal.[1] First, she claims that the district court abused its discretion by failing to appoint new legal counsel for her motion for compassionate release, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Read-Forbes proceeds pro se, we liberally construe her filings, but we do not serve as her advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2019).

second, she challenges the district court's denial of that motion. Because the district court did not abuse its discretion on either issue, we affirm.

## BACKGROUND

In March 2015, Read-Forbes pleaded guilty to conspiracy to commit money laundering under 18 U.S.C. § 1956(h). The sentencing court rejected the parties' initial plea agreement of 84 to 180 months' imprisonment and three years' supervised release. A second plea agreement included a joint recommendation of 210 months' imprisonment, the low end of the agreed guidelines range of 210 to 240 months.[2] But the court sentenced Read-Forbes to 240 months' imprisonment, the statutory maximum. Read-Forbes tried to appeal her sentence, but we granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal. *United States v. Read-Forbes*, 624 F. App'x 987, 988–89 (10th Cir. 2015) (per curium).

On July 24, 2024, Read-Forbes moved for a reduction of her sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A).[3] She argued that compassionate release was warranted because her medical and dental conditions had gone untreated while she was incarcerated, she was the victim of a sexual assault while incarcerated, and her sentence was unusually long. The district court denied the motion, finding (1) that Read-Forbes's medical conditions

---

[2] The district court calculated a guidelines range of 210 to 262 months, but the statutory maximum restricted the top end of the range to 240 months.

[3] Read-Forbes has a projected release date of March 1, 2030.

2

were not "extraordinary and compelling reasons for relief within the meaning of [United States Sentencing Guidelines § 1B1.13(b)(1)]" and did not "warrant relief under the catchall provision of [] § 1B1.13(b)(5)"; (2) that Read-Forbes's allegation of a sexual assault was inconsistent with the type of claim referenced in § 1B1.13(b)(4); (3) that Read-Forbes had failed to demonstrate any change in the law that created a gross disparity between her imposed sentence and the sentence likely to be handed down if she were resentenced; (4) that Read-Forbes's "medical conditions, collectively with the alleged sexual assault in 2018, the length of her sentence and BOP understaffing, do not constitute extraordinary and compelling reasons for release under the catchall provision of the policy statement"; and (5) that the § 3553(a) sentencing factors did not support compassionate release. *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1, 2025 WL 220036, at *3–6 (D. Kan. Jan. 16, 2025). Read-Forbes timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We review a district court's denial of a motion to appoint counsel on a compassionate-release motion for an abuse of discretion. *See McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985); *see also United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009). So we will overturn a court's denial of counsel "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness[.]" *McCarthy*, 753 F.2d at 839.

3

We also review a district court's order denying compassionate release for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted).

## DISCUSSION

### I.    Appointed Counsel

First, Read-Forbes asserts that the district court abused its discretion by declining to appoint new counsel to assist with her motion for compassionate release. We disagree.

A pro se defendant generally has "no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also Hemmelgarn*, 15 F.4th at 1032 ("[T]here is no constitutional right to counsel to aid in a defendant's request for compassionate release."). In deciding whether to appoint counsel, a district court generally considers: (1) the merits of the defendant's claims, (2) the nature of the factual issues raised, (3) the defendant's ability to argue her claims independent of counsel's assistance, and (4) the complexity of the arguments raised. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

4

Read-Forbes contends that the district court appointed counsel to assist with "any and all [c]ompassionate [r]elease [m]otions," so when the appointed attorney withdrew because she and Read-Forbes had a conflict of interest, the court should have appointed new counsel to assist Read-Forbes with her motion. Op. Br. at 2–3, 11; *see* Motion to Withdraw and for Alternate Counsel to be Appointed, *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1 (D. Kan. Sept. 12, 2022), ECF No. 476.[4] But that is not why the court appointed counsel.

The district court first appointed counsel, consistent with District of Kansas Standing Order No. 18-3, to assist Read-Forbes with a writ petition that included a post-conviction Sixth Amendment claim based on the government's recording of attorney-client meetings. Order Appointing Counsel, *Read-Forbes*, No. 2:12-CR-20099-KHV-1 (D. Kan. July 21, 2020), ECF No. 411; D. Kan. S.O. 18-3 (July 17, 2018) ("Jointly Proposed Standing Order Appointing the Federal Public Defender to Represent Defendants with Post-conviction Sixth Amendment Claims Regarding Attorney-Client Recordings in Criminal Cases"). Though the court later appointed the same attorney to assist with one of Read-Forbes's compassionate-release motions, that motion was partly based on the same Sixth Amendment claim. Memorandum and Order at 2–3, 3 n.2, *Read-Forbes*, No. 2:12-CR-20099-KHV-1 (D. Kan. Jan. 18, 2022), ECF No. 473.

---

[4] We may take judicial notice of publicly filed court records. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Indeed, between that order and the court's initial order appointing counsel, the court denied Read-Forbes's motion for counsel for an emergency compassionate-release hearing based on a COVID-19 outbreak at her detention facility. *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1, 2020 WL 4726685, at *1–2 (D. Kan. Aug. 13, 2020). The court explained that defendants are not entitled to counsel for compassionate-release motions and found that Read-Forbes could adequately present her claim because the issues were "not particularly complex factually or legally, and [Read-Forbes] has a law degree." *Id.* at *2.

The district court made the same findings for the present compassionate-release motion. Applying the above factors, the court found that Read-Forbes's claims lack merit and were not that complex, and that Read-Forbes's law degree allowed her to adequately present her claims. *Read-Forbes*, 2025 WL 220036, at *1 n.1. We agree. Based on the record before us, this is not one of "those extreme cases where the lack of counsel results in fundamental unfairness[.]" *McCarthy*, 753 F.2d at 839. So we find no abuse of discretion.

## II.    Compassionate Release

Second, Read-Forbes claims that the district court erred in denying her compassionate-release motion because she has shown "extraordinary and compelling" reasons for compassionate release based on her medical conditions and a sexual assault while in BOP's custody and because the § 3553(a) sentencing factors support release. We disagree.

6

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed; but the rule of finality is subject to a few narrow exceptions." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). A district court may grant a motion for compassionate release only if (1) there are "extraordinary and compelling reasons warrant[ing] a sentence reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission";[5] and (3) the applicable § 3553(a) factors warrant compassionate release.[6] *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021) (cleaned up); *see* 18 U.S.C. § 3582(c)(1)(A). "[T]he defendant carries the burden . . . to show [s]he is entitled to relief." *United States v. Crespin*, No. 23-2111, 2024 WL 3084972, at *5 (10th Cir. June 21, 2024)

---

[5] Relevant here, the Sentencing Commission directs district courts to find that extraordinary and compelling reasons for compassionate release exist if (1) the defendant has certain medical conditions, (2) the defendant was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who has custody of her, or (3) there are any other circumstances that are similar in gravity to the circumstances described in the policy statement (the "catchall" provision). § 1B1.13(b)(1), (4), and (5).

[6] The § 3553(a) factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to . . . reflect the seriousness of the offense," deter future crime, protect the public, and effectively provide the defendant with treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established for" the offense at the time of sentencing; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution.

(unpublished) (citing cases). Because a court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking," *McGee*, 992 F.3d at 1043 (internal quotation marks omitted), "if a district court properly denies compassionate release because of the § 3553(a) factors, it is irrelevant how the court viewed whether the defendant had demonstrated extraordinary and compelling circumstances," *Hald*, 8 F.4th at 949. So we start with the § 3553(a) factors.

Read-Forbes challenges both the district court's § 3553(a) analysis and its conclusion. First, she contends that the court failed to "consider the extraordinary and compelling reason for release" as part of the § 3553(a) analysis and that the court made "a clearly erroneous finding of fact" because it "only look[ed] at [the] 3553(a) factors as they were in 2015." Op. Br. at 8–9, 12. Second, she asserts that the § 3553(a) factors support compassionate release, citing a sentence disparity between herself and her codefendants, her compliance with rules and laws during her prison furloughs, her low recidivism risk, her consistent restitution payments, and her "excellent rehabilitation." *Id.* at 7–8. We consider each in turn.

## A.    Proper § 3553(a) Analysis

"[A] court [may not] deny compassionate-release relief on the ground that release is not appropriate under § 3553(a) if the court has not considered the facts allegedly establishing extraordinary and compelling reasons for release" because "those facts are relevant to the § 3553(a) analysis." *Hald*, 8

8

F.4th at 947. But we disagree with Read-Forbes that the court failed to consider her asserted reasons for release.

After discussing Read-Forbes's sexual assault, sentence, and medical conditions, the district court concluded that "[e]ven if [Read-Forbes] could somehow show that her various stated grounds for relief individually or collectively constitute 'extraordinary and compelling' reasons for release, the [c]ourt would deny relief after considering the factors under [§ 3553(a)]." *Read-Forbes*, 2025 WL 220036, at *6. In other words, *assuming* extraordinary and compelling reasons for release, the § 3553(a) factors warrant denying such relief. Combined with the district court's specific discussion of Read-Forbes's medical conditions and sexual assault, it is clear that the district court "considered the facts allegedly establishing extraordinary and compelling reasons for release." *Hald*, 8 F.4th at 947 (finding that the district court properly considered each defendant's asserted reasons for relief based on these statements: "Reducing his sentence by half, *even during the ongoing COVID-19 pandemic*, does not further sentencing objectives" and "*Although Defendant has underlying conditions increasing his risk of serious complications should he contract COVID-19*, the reduction of Defendant's sentence in such a significant manner would not afford adequate deterrence or punishment." (internal quotation marks omitted)).

And the district court did not just "look[] at [the] 3553(a) factors as they were in 2015." Op. Br. at 8. As Read-Forbes acknowledges, the court

9

considered two incident reports from 2016 and 2020. *Id.* at 7–8; *see Read-Forbes*, 2025 WL 220036, at *6. Though the court did not discuss all of Read-Forbes's evidence, such as her rehabilitation and low recidivism risk,[7] courts are not "require[d] to address every nonfrivolous, material argument raised by the defendant." *United States v. Bradley*, 97 F.4th 1214, 1223 (10th Cir. 2024) (internal quotation marks omitted) (affirming the district court's order denying compassionate release based on the § 3553(a) factors). Here, like in *Bradley*, "it is apparent the district court did not accept [the defendant]'s arguments, not that it failed to consider them." *Id.* So the court's analysis of the § 3553(a) factors was proper.

### B.    Denying Compassionate Release

Finally, we turn to whether the district court abused its discretion in finding that the § 3553(a) factors warranted denying compassionate release. The court determined that "[f]or substantially the [same] reasons stated in the voluminous record, a sentence of time served or below 240 months is inconsistent with the seriousness of [Read-Forbes]'s offense, the need for deterrence and the need to protect the public from [Read-Forbes] committing

---

[7] But the court cited an earlier order where it did address Read-Forbes's asserted rehabilitation. *See Read-Forbes*, 2025 WL 220036, at *6 (citing *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1, 2023 WL 6961985, at *8–10 (D. Kan. Oct. 20, 2023)). In that other order, the court acknowledged that Read-Forbes had "made some limited progress toward rehabilitation," but found that "on balance, the factors under Section 3553(a) do not support a reduced sentence." *Read-Forbes*, 2023 WL 6961985, at *10.

further crimes." *Read-Forbes*, 2025 WL 220036, at *6 (citing *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1, 2023 WL 6961985, at *8–10 (D. Kan. Oct. 20, 2023); Sent'g Tr. at 24, *United States v. Read-Forbes*, No. 2:12-CR-20099-KHV-1 (D. Kan. May 12, 2015), ECF No. 220). As support, the court cited Read-Forbes's "significant money laundering offense," her "continued fraudulent activity and [stealing the] identity of [a] former employee" while released pretrial, and two disciplinary actions while in BOP custody. *Id.* Read-Forbes does not assert that these are "clearly erroneous finding[s] of fact," *Hemmelgarn*, 15 F.4th at 1031 (internal quotation marks omitted), and on the record before us, we cannot say that the district court's judgment "is arbitrary, capricious, whimsical, or manifestly unreasonable," *Lewis*, 594 F.3d at 1277 (internal quotation marks omitted). *See also United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021) (finding no abuse of discretion because "[t]he court's decision reflect[ed] its understanding of [the defendant]'s health conditions, the conditions at [the prison], and the severe risks arising out of those circumstances"). So the court did not abuse its discretion in finding that the § 3553(a) factors do not support compassionate release.[8]

---

[8] Read-Forbes compares her case to *United States v. Morales*, in which the district court granted compassionate release based on the defendant's health issues, sexual assault, and the § 3553(a) factors. No. 2:16-CR-00241-KJM, 2024 WL 967658, at *3–6 (E.D. Cal. Mar. 6, 2024). Even crediting this out-of-
*(footnote continued)*

11

Because we find that the district court did not abuse its discretion in denying compassionate release based on the § 3553(a) factors, we decline to consider whether Read-Forbes has presented extraordinary and compelling reasons for compassionate release.

## CONCLUSION

The district court did not abuse its discretion, so we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

circuit district court opinion as persuasive, it is easily distinguishable and does not support an abuse of discretion here.

In *Morales*, the district court found (1) that though Morales's human-trafficking conviction was "unquestionably" serious, Morales "too was exploited by her codefendant who played a greater leadership role when compared to the actions of the defendant"; (2) that "compassionate release could resolve potential disparities caused by" her attorney's failure to argue for a downward adjustment based on her minor participation in the offense; (3) that compassionate release would not undermine "the need to protect the public from further crimes" given her lack of criminal history and low recidivism risk; and (4) that Morales was not a danger to the community. *Id.* at *5–6 (internal quotation marks omitted). But here, the court found (1) that "a sentence of time served or below 240 months is inconsistent with the seriousness of [Read-Forbes]'s offense," which "warranted a much more severe sentence than the sentences of her co-defendants"; and (2) that a reduced sentence "would not adequately protect [the] public or deter [Read-Forbes] from committing future crimes[.]" *Read-Forbes*, 2025 WL 220036, at *4 & n.6, *5–6 (citing *Read-Forbes*, 2023 WL 6961985, at *8–10; Sent'g Tr. at 24, *Read-Forbes*, No. 2:12-CR-20099-KHV-1 (D. Kan. May 12, 2015), ECF No. 220). So *Morales* does not help Read-Forbes.

12