**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ZECHARIAH MICHAEL GILBERT
CHURCHILL,

    Plaintiff - Appellant,

v.

BRADLEY CLARK,

    Defendant - Appellee.

No. 24-7065
(D.C. No. 6:23-CV-00412-RAW-DES)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Zechariah Michael Gilbert Churchill, proceeding pro se,[1] appeals from the

district court's dismissal of his civil rights action and the district court's order

denying his motion for appointment of counsel. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Churchill represents himself, we construe his filings liberally.
_See Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I**

Mr. Churchill alleges that in October 2023, Love County Sheriff's Office Deputy Bradley Clark, along with two detectives and a detention officer, woke him while he was sleeping in his cell and asked him to submit to a DNA mouth swab. Mr. Churchill states that when he demanded to see a search warrant and objected to the mouth swab, Deputy Clark placed him in a headlock and violently beat him. In December 2023, Mr. Churchill filed a pro se prisoner civil rights complaint against Deputy Clark alleging violations of his Eighth and Fourteenth Amendment rights. He also filed a motion for appointment of counsel.

In February 2024, the district court denied Mr. Churchill's motion for appointment of counsel. The district court considered Mr. Churchill's ability to present his claims and the complexity of the legal issues he raised and concluded that neither warranted appointment of counsel. In the meantime, Deputy Clark moved to dismiss Mr. Churchill's claims. Mr. Churchill did not respond to that motion. In March 2024, Deputy Clark filed a second motion to deem the motion to dismiss confessed. Mr. Churchill again did not respond. As a result, on June 4, 2024, the district court entered a minute order directing Mr. Churchill to show cause as to why Deputy Clark's motion to deem his motion to dismiss confessed should not be granted.

On June 12, 2024, Mr. Churchill responded to the show cause order, stating that he had not received Deputy Clark's second motion and reiterating his original claims. In reply, the district court entered another minute order on June 14, 2024,

2

directing the court clerk to send Mr. Churchill the court docket and a copy of Deputy Clark's motion to deem his motion to dismiss confessed. The minute order also gave Mr. Churchill another fourteen days to respond to both of Deputy Clark's motions. The district court instructed Mr. Churchill that failure to comply would result in dismissal of his claims. Mr. Churchill did not respond to this court order and did not file a response to either of Deputy Clark's motions. On July 12, 2024, the district court dismissed the action without prejudice for failure to comply with the court's order.

## II

### A

Although we liberally construe pro se filings, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Mr. Churchill first argues the district court erred in denying his motion for appointment of counsel. His briefing, however, makes only conclusory assertions that he feels he should have been granted an attorney. Mr. Churchill provides no further argument as to how the district court erred or explanation of how the district court's ruling resulted in fundamental unfairness. *See McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985) ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."). Federal Rule of Appellate Procedure 28 requires the appellant to set

3

forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Even construing Mr. Churchill's brief liberally, we agree with Deputy Clark that Mr. Churchill has waived appellate review of the district court's denial of his motion for appointment of counsel due to deficient briefing. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that a brief that does not "explain what was wrong with the reasoning that the district court relied on" is deficient).

**B**

Mr. Churchill also contends that the district court should not have dismissed his case because he did not receive Deputy Clark's motion to dismiss in his mail and, therefore, could not respond. Deputy Clark argues that Mr. Churchill waived this argument because he did not previously raise a failure to receive Deputy Clark's motion to dismiss, only the failure to receive Deputy Clark's motion to deem his motion to dismiss confessed. There is some confusion within Mr. Churchill's briefing as to whether he is using the correct names for the motions he references. For example, Mr. Churchill's brief states that he received Deputy Clark's second motion and responded to it, but the record reflects that he responded to the district court's order to show cause and in that response stated he had not received Deputy Clark's second motion. A fair reading of Mr. Churchill's briefing suggests that his arguments as to the dismissal are properly before the court because he raised the

4

issue of not receiving Deputy Clark's motions in the mail. Even so, we affirm the district court's dismissal of this action.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action for a plaintiff's failure to comply with a court order. Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Such dismissals are reviewed for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007).

On June 14, 2024, after Mr. Churchill informed the district court that he had not received Deputy Clark's second motion, the district court directed the court clerk to send him a copy of the motion and provided Mr. Churchill another fourteen days to respond to both of Deputy Clark's motions. The district court also provided notice to Mr. Churchill that his failure to respond as directed would result in a dismissal of the action. Despite notice of this deadline, Mr. Churchill did not respond to either of Deputy Clark's motions in a timely matter and ignored the district court's order. Nor did Mr. Churchill raise any continued concerns with his mail with the district court. After waiting another two weeks for any response from Mr. Churchill, the district court entered an order dismissing the action on July 12, 2024.

On appeal, Mr. Churchill misunderstands the nature of the district court's dismissal, arguing that he failed to respond to the motion to dismiss because he did not receive it. But Mr. Churchill's case was not dismissed solely because he failed to respond to the motion to dismiss; he also disregarded the district court's order when he did not respond to *that order* or any of the motions in the case. Mr. Churchill's

5

briefing provides no explanation or argument for his failure to comply with the court's June 14, 2024, order.  Nor does it explain why, after receiving Deputy Clark's motion to deem his motion to dismiss confessed from the court, Mr. Churchill could not respond to that motion within the district court's fourteen-day timeframe.

Given Mr. Churchill's failure to comply with the June 14, 2024, order, the district court did not abuse its discretion in dismissing his action without prejudice. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007) ("[A] district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b)." (quoting *Nasious*, 492 F.3d at 1158)).

### III

We affirm the district court's denial of Mr. Churchill's motion for appointment of counsel.  We also affirm the dismissal of Mr. Churchill's action without prejudice.

Entered for the Court

Joel M. Carson III
Circuit Judge